United States District Court
Southern District of Texas

**ENTERED**

July 14, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MARK BARNETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-821 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion for Reconsideration (Doc. No. 40). It asks the Court to reconsider its order denying without prejudice Defendant's motion for summary judgment. (*See* Doc. No. 31 (denying without prejudice Doc. No. 16)). Plaintiff James Mark Barnett ("Plaintiff") did not file a response. Having carefully considered the Motion, the record in this case, and the applicable law, the Court grants Defendant's Motion for Reconsideration and grants Defendant's Motion for Summary Judgment (Doc. No. 16).

## I.    Background

Plaintiff owns and resides at property located at 7530 Easybrook Lane, Spring, Texas 77379 (the "Property"). (Doc. No. 1, Ex. 5 at 3). In February 2007, Plaintiff executed a $148,000 home equity loan with Cedarstone Mortgage, LLC to purchase the Property. (*Id.* at 4; *see also* Doc. No. 17, Exs. A-1 & A-2). Cedarstone subsequently assigned the loan to Defendant. (Doc. No. 16, Ex. B; *see also* Doc. No. 40, Ex. 3 (Cedarstone's 2010 Certificate of Termination)).

Defendant defaulted on the note on May 1, 2017. (Doc. No. 17, Ex. A, ¶10). Despite Defendant sending Plaintiff a notice of default, he did not bring the account current. (*Id.*). Accordingly, Defendant initiated a foreclosure action under Texas Rule of Civil Procedure

736 (Doc. No. 17, Ex. C). Plaintiff did not respond in that action and the state court entered an order authorizing Defendant to proceed with foreclosure of the Property. (Doc. No. 17, Ex. F). A foreclosure sale was scheduled for February 5, 2019 (Doc. No. 17, Ex. G-1; *see also* Doc. No. 1, Ex. 5 at 4). Finally, Plaintiff responded by filing this lawsuit in the 80th Judicial District Court of Harris County on January 30, 2019. (*See* Doc. No. 1, Ex. 5).

According to Plaintiff's petition, the home equity loan violated Article XVI, Section 50(a)(6) of the Texas Constitution by: (1) having the note's principal exceed 80% of the Property's fair market value; (2) the fees associated with the note exceeding 3% of the total principal; (3) not providing Plaintiff a list of all itemized fees and figures at least one day before closing; (4) not providing Plaintiff a copy of all finalized and signed loan documents at closing; and (5) not providing Plaintiff an acknowledgment of fair market value signed by borrower and lender. (*Id.* at 4). Based on these alleged facts Plaintiff pleaded four causes of action: (1) breach of contract; (2) remove cloud and quiet title; (3) declaratory judgment that the home equity loan is *void ab initio* under the Texas Constitution; and (4) permanent injunction against Defendant foreclosing on the property or otherwise attempting to collect on the note. (*Id.* at 5–8).

Defendant removed the case to this Court pursuant to diversity jurisdiction. (Doc. No. 1). Defendant then moved for summary judgment on all claims. (Doc. No. 16). Plaintiff filed a response claiming that a genuine issue of material fact existed as to his claim that the home equity loan failed to comply with Section 50(a)(6)(Q)(ix).[1] (*See* Doc. No. 20). Specifically, Defendant included in its summary judgment evidence an "Acknowledgement As To Fair Market Value of

---

[1] That section requires a home equity loan be made on the condition that "the owner of the homestead and the lender sign a written acknowledgement as to the fair market value of the homestead property on the date the extension of credit is made." Tex. Const., art. XVI, § 50(a)(6)(Q)(ix).

Homestead Property" (the "Section 50(a)(6)(Q)(ix) Acknowledgement") that is signed by Plaintiff, but not by Cedarstone. (Doc. No. 17, Ex. A-3).

Defendant subsequently supplemented the record to include what appears to be an identical version of the Section 50(a)(6)(Q)(ix) Acknowledgement, except that one includes a signature for both Plaintiff and Cedarstone. (Doc. No. 25, Ex. A-3). The Court recognized that many simple explanations could explain why two different versions of the Section 50(a)(6)(Q)(ix) Acknowledgement were filed. (Doc. No. 31 at 2). Nevertheless, because Defendant did not explain the inconsistent documents, a fact issue technically existed and the Court denied the summary judgment motion. (*Id.* at 1–2). The Court, however, gave Defendant the opportunity to refile its motion after the parties had an opportunity to depose someone with personal knowledge of whether Cedarstone signed the Section 50(a)(6)(Q)(ix) Acknowledgement. (*Id.* at 2).

As far as the Court can tell, no such deposition took place. Instead, Defendant filed its Motion for Reconsideration and attached sworn declarations of one of Defendant's attorneys (Elizabeth Hayes) and Defendant's Vice President of Loan Documentation (Brandon McNeal) that explain the inconsistency with the documents.[2]

## II.   Legal Standards

### A.   Reconsideration

Unlike Rule 59(e), which governs reconsideration of final judgments and does not permit consideration of arguments that could have been raised previously, "Rule 54(b) applies to interlocutory judgments and permits the district court '"to reconsider and reverse its decision for any reason it deems sufficient.'" *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018)

---

[2] Defendant stated that providing an explanation through sworn declarations avoids the unnecessary expense of a deposition. (Doc. No. 40 at 2 n.2). Since Plaintiff did not oppose this proffered method, or respond to the motion for reconsideration at all, the Court will accept the declarations in lieu of depositions.

(quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Put differently, Rule 54(b) permits a trial court to reverse its earlier decision, "'even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc)).

An order denying a motion for summary judgment (or a motion granting summary judgment that does not completely resolve the case) is an interlocutory order. *See, e.g.*, *McClendon*, 892 F.3d at 781 ("In this case, the district court's summary judgment against McClendon was interlocutory because it did not end the action, as the Government's counterclaim against Stephen remained pending."); *Austin*, 864 F.3d at 336 ("Because the district court was not asked to reconsider a judgment, the district court's denial of Austin's motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b)."). Accordingly, Defendant's Motion is governed by Rule 54(b), which is less stringent than Rule 59(e). *Austin*, 864 F.3d at 336. Even so, Rule 54(b) motions are disfavored. *FMC Techs., Inc. v. OneSubsea IP UK Ltd.*, No. CV H-18-2459, 2020 WL 242497, at *2 (S.D. Tex. Jan. 16, 2020) (citing *PYCA Indus., Inc. v. Harrison Cty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

## B. Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

4

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25.

The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III.     Analysis

#### A.     Plaintiff's Failure to Respond

As an initial matter, this Court's Local Rules state that "[o]pposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel. . . . Failure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.3, 7.4; *see also* Hanen L.R. 7(D). Plaintiff's deadline to oppose Defendant's motion has passed with no response or requests for extensions filed by Plaintiff.

Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed. Technically, granting the motion to reconsider is not itself dispositive of this case. Thus, the Court could automatically approve it as unopposed. *Cf. Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) ("[A]lthough we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.") (citing

*Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985)). Nevertheless, since Rule 54(b) permits reconsideration on any reasonable reason this Court deems sufficient, it will analyze the merits of Defendant's summary judgment evidence and whether a genuine issue of material fact exists regardless of whether the reconsideration motion is opposed or not.

**B.    Summary Judgment on the Alleged Violations of Section 50(a)(6)**

Plaintiff's claims for breach of contract, quiet title, and declaratory are solely based on his allegation that the home equity loan violated the Texas Constitution's specific rules articulated in Article XVI, Section 50(a)(6). (Doc. No. 1, Ex. 5 at 5–8). As mentioned above, Plaintiff claimed in his Complaint that the home equity loan impermissibly: (1) has a principal amount that exceeds 80% of the Property's fair market value;[3] (2) has fees associated with the note exceeded 3% of the total principal;[4] (3) was not accompanied by a list of all itemized fees and figures at least one day before closing;[5] (4) was not accompanied by a copy of all finalized and signed loan documents at closing;[6] and (5) was not executed with an acknowledgment of fair market value signed by borrower and lender.[7] (*Id.* at 4).

Defendant filed its Motion for Summary Judgment and evidence which negates each of Plaintiff's allegations. Specifically, Defendant provided evidence that the loan did not exceed 80% of the Property's fair market value. (Doc. No. 17, Exs. A-1 & A-3 (showing a fair market value of $200,000 and a loan amount of $148,000—or 74%)). Additionally, Defendant's evidence suggested the fees only equaled $3,763.58, which is about 2.5% of the loan amount. (Doc. No. 17,

---

[3] *See* Tex. Const. art. XVI, § 50(a)(6)(B).
[4] *See* Tex. Const. art. XVI, § 50(a)(6)(E) (amended 2017); *see also Kirchner v. Deutsche Bank Nat'l Tr. Co.*, No. SA-17-CV-00341-XR, 2017 WL 3602054, at *3 (W.D. Tex. Aug. 22, 2017) ("Under the Texas Constitution, a home equity loan is invalid if it "require[s] the owner or the owner's spouse to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount of the extension of credit . . . ."").
[5] *See* Tex. Const. art. XVI, § 50(a)(6)(M)(ii).
[6] *See* Tex. Const. art. XVI, § 50(a)(6)(Q)(v).
[7] *See* Tex. Const. art. XVI, § 50(a)(6)(Q)(xi).

Ex. A-6). Defendant also filed a copy of a document that Plaintiff signed titled "Owner's Affidavit Acknowledging Lender's Compliance with Constitutional Requirements," in which Plaintiff attested that he: (1) received a copy of a HUD-1 statement itemizing actual fees, points, interests, costs, and charges to be charged at closing at least one day before closing; and (2) was provided a copy of all signed document related to the loan at closing. (Doc. No. 17, Ex. A-4). Lastly, Defendant filed the two Section 50(a)(6)(Q)(ix) Acknowledgements (Doc. No. 17, Ex. A-3; Doc. No. 25, Ex. A-3) that the Court addressed in its earlier summary judgment order. (*See* Doc. No. 31). As explained in more detail below, the Court finds this uncontroverted evidence warrants a sufficient reason to reconsider its denial of summary judgment.

### 1.  The Non-Section 50(a)(6)(Q)(ix) Alleged Violations

Plaintiff's Response to Defendant's prior Motion for Summary Judgment (Doc. No. 16)—not to be confused for Defendant's Motion for Reconsideration (Doc. No. 40)—was focused entirely on the partially signed Section 50(a)(6)(Q)(ix) Acknowledgment. (*See* Doc. No. 20). Defendant argued in its reply—and reasserts the argument in its reconsideration motion—that Plaintiff did not address the other alleged violations for Section 50(a)(6). (Doc. No. 23). Therefore, Defendant stated (and maintains now) that the Court should grant summary judgment as to those claims because Plaintiff abandoned them. (*Id.*; *see also* Doc. No. 40 at 3).

Under the summary judgment framework, once the movant (in this case, Defendant) carries its initial summary judgment burden of proof, the burden shifts to the non-movant (Plaintiff) to persuade the Court that the motion should not be granted by showing the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 321–25; *Matsushita*, 475 U.S. at 587.

Setting aside the Section 50(a)(6)(Q)(ix) issue that the Court addressed in its initial summary judgment order (*see* Doc. No. 31), there is no doubt that Defendant provided enough

evidence to entitle it to judgment on the Section 50(a)(6)(B), (E), (M)(ii), and (Q)(v) allegations. The burden thus shifted to Plaintiff, who failed to provide any evidence concerning these accusations. (*See* Doc. No. 20). Plaintiff therefore did not satisfy his summary judgment burden and the Court should have granted Defendant's motion concerning these theories of liability.

Accordingly, the Court grants Defendant's Motion for Reconsideration on the non-Section 50(a)(6)(Q)(ix) theories and enters summary judgment in favor of Defendant on them.

### 2.  The Section 50(a)(6)(Q)(ix) Alleged Violations

The Court's initial summary judgment order focused on Plaintiff's allegation that he and Cedarstone (again, Defendant's predecessor in interest) did not *both* sign a written acknowledgement as to the fair market value of the Property on the date the extension of credit is made. (Doc. No. 31). *See also* Tex. Const., art. XVI, § 50(a)(6)(Q)(ix). As explained, Defendant filed the Section 50(a)(6)(Q)(ix) Acknowledgment that was signed by Plaintiff only (Doc. No. 17, Ex. A-3) and then a supplemental one signed by both parties (Doc. No. 25, Ex. A-3). Since Defendant did not explain the inconsistent documents, the Court had to conclude that a fact issue existed, "although there are a myriad of simple explanations for why two different copies were filed with the Court." (Doc. No. 31).

Defendant gave a "simple explanation" in its Motion for Reconsideration. According to Defendant, while preparing for its Motion for Summary Judgment, one of Defendant's attorneys (Hayes) located the Section 50(a)(6)(Q)(ix) Acknowledgment signed by both parties and sent that (along with the other documents) to Defendant's Vice President of Loan Documentation (McNeal). (Doc. No. 40, Ex. A at 2–3). McNeal, as part of his verification process, independently pulled from Defendant's business records copies of each exhibit sent by Hayes. (Doc. No. 40, Ex. B at 3). He inadvertently located the document that was only signed by Plaintiff and substituted it for the fully

executed version given to him by Hayes. (*Id.*).

Upon receiving McNeal's verified documents, and without recognizing the incorrect version of the Section 50(a)(6)(Q)(ix) Acknowledgment, Defendant's attorneys filed the Motion for Summary Judgment. (Doc. No. 40, Ex. A at 3). The erroneously substituted document was not identified until Plaintiff filed his response, at which time Hayes notified McNeal of the problem. (*Id.*). McNeal then found the Section 50(a)(6)(Q)(ix) Acknowledgment signed by both Plaintiff and Cedarstone and provided it to Hayes. (Doc. No. 40, Ex. B at 3–4). That is the document that was attached as a supplement to Defendant's summary judgment evidence. (Doc. No. 25, Ex. A-3; *see also* Doc. No. 40, Ex. A at 3).

In short, the document with only Plaintiff's signature was filed with the Court because of a simple mistake and oversight in filing one page of Defendant's 150 pages of evidence. The Court accepts that explanation. Importantly, Plaintiff did not respond to Defendant's Motion for Reconsideration and thus does not contest this explanation. Moreover, Plaintiff provides no evidence tending to suggest that the acknowledgment required by Section 50(a)(6)(Q)(ix) was not signed by Cedarstone.[8]

That being the case, there is no genuine issue of material fact that Plaintiff's home equity loan violates Section 50(a)(6)(Q)(ix). The Court therefore grants Defendant's motion to reconsider and enters summary judgment against Plaintiff.

Having granted summary judgment on Plaintiff's allegations that his home equity loan is void under Section 50(a)(6), there is no remaining allegation that Defendant breached the parties'

---

[8] Plaintiff did file a copy of the Section 50(a)(6)(Q)(ix) Acknowledgment that is not signed by Cedarstone. (Doc. No. 20, Ex. 4). However, it is apparent that this document is not Plaintiff's independent evidence; rather, it is a copy of Defendant's mistakenly filed document. (*See id.* showing a file stamp of Doc. No. 17, page 34 of 152, which is Defendant's Motion for Summary Judgment evidence)). Consequently, Defendant's explanation for filing the incorrect version of the acknowledgment also applies to this document.

contract, that a cloud exists on Plaintiff's title, or that the home equity loan is void. Accordingly, the Court must enter summary judgment against Plaintiff on all of his causes of action.

## IV.    Conclusion

For the foregoing reasons, the Court grants Defendant's Motion for Reconsideration of the Court's Order at Doc. No. 31. (Doc. No. 40). The Court further grants Defendant's Motion for Summary Judgment (Doc. No. 16) and enters judgment against Plaintiff on all claims.

Signed at Houston, Texas, this __14th__ day of July, 2020.

Andrew S. Hanen
United States District Judge